UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| BIBLE BLACK, PURPLE RABBIT MUSIC, MILK SONGS, and DUKE OF EARLE, | Civil Action No. |
| Plaintiffs, | |
| -against- | **COMPLAINT** |
| GREENE STREET ENTERTAINMENT, INC., ROBBIE EFIRD, KENNY EFIRD, and TOBY D. LEASURE, | |
| Defendants. | |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the works listed in Column 3 and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Greene Street Entertainment, Inc. ("GSE"), is a corporation organized under the laws of North Carolina, with a principal place of business located at 113 North Greene Street, Greensboro, North Carolina 27401.

6. At all times hereinafter mentioned, GSE did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as One Thirteen Brewhouse + Rooftop Bar ("One Thirteen Brewhouse"), located at 113 North Greene Street, Greensboro, North Carolina 27401.

7. Musical compositions were and are publicly performed at One Thirteen Brewhouse.

8. On information and belief, defendant Robbie Efird is an individual who resides and/or does business in this District.

9. On information and belief, defendant Kenny Efird is an individual who resides and/or does business in this District.

10. On information and belief, defendant Toby D. Leasure (together with GSE, Robbie Efird, and Kenny Efird, the "Defendants") is an individual who resides and/or does business in this District.

11. On information and belief, Robbie Efird, Kenny Efird, and Toby D. Leasure, are officers and/or owners of GSE.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

12. At all times hereinafter mentioned, Robbie Efird, Kenny Efird, and Toby D. Leasure were, and still are, responsible for the control, management, operation, and maintenance of the affairs of GSE.

13. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at One Thirteen Brewhouse, including the right and ability to supervise and control the public performance of musical compositions at One Thirteen Brewhouse.

14. Each Defendant derives a direct financial benefit from the public performance of musical compositions at One Thirteen Brewhouse.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

15. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17. Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants. ASCAP's representatives have contacted Defendants by mail, email, and telephone.

18. Defendants have refused all of ASCAP's license offers for One Thirteen Brewhouse.

3

19. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at One Thirteen Brewhouse constitute infringement of ASCAP's members' copyrights in their musical works.

20. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at One Thirteen Brewhouse, including the copyrighted works involved in this action, without permission, during the hours that One Thirteen Brewhouse is open to the public for business and presenting musical entertainment.

21. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

23. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24. Defendants, on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at One Thirteen Brewhouse, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances at One Thirteen Brewhouse of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any

4

performer, was licensed by or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at One Thirteen Brewhouse include the performances of the four copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

29. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at One Thirteen Brewhouse, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than

Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

        III.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

        IV.    For such other and further relief as may be just and equitable.

Respectfully submitted this 14th day of October, 2025.

        */s/ Michael J. Allen*
Michael J. Allen
NC State Bar No. 18030
Carruthers & Roth, P.A.
P.O. Box 540
Greensboro, NC 27402
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
mja@crlaw.com
*Attorney for Plaintiffs*